# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# EASTERN DIVISION

| | |
|---|---|
| CALANDRA L. BOBBETT,<br><br>Plaintiff,<br><br>v.<br><br>PRUITTHEALTH - DURHAM, LLC,<br><br>Defendant. | Civil Action No. 5:22-cv-21-M<br><br>**STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL AND/OR PROPRIETARY INFORMATION** |

WHEREAS Plaintiff and Defendant have agreed that the proceedings in the above-captioned matter may involve the discovery and use of confidential information and/or proprietary information ("Confidential Information" as defined below in Paragraph 2), and that entry of this Stipulated Protective Order Regarding Confidential and/or Proprietary Information ("Protective Order") governing production and use of such documents and information is warranted; and

WHEREAS the Parties wish to ensure that such Confidential Information is used only in this action and is not disclosed to various persons, including the public;

ACCORDINGLY, IT IS HEREBY STIPULATED AND AGREED THAT:

1. This Protective Order shall apply to all Confidential Information that is produced by the Parties herein or pursuant to a third-party subpoena where the producing party or third-party provides Confidential Information during discovery, by agreement or Court order, and shall include, but not be limited to, information concerning or related to any parent, affiliate or subsidiary of any party named in or producing such information.

2. "Confidential Information" means confidential and/or proprietary business, employment, medical and mental health (specifically including but not limited to Protected

Health Information under the Health Insurance Portability and Accountability Act), tax, financial, and personally identifiable information, personnel documents, and/or other information belonging to the Parties that are not publicly available and are of a generally understood personal and/or confidential nature.

3. "Document" means all written, recorded or graphic matter, including but not limited to, sound recordings, computer data, court papers, interrogatory answers, depositions, transcripts and exhibits, and items produced by any party or nonparty in this action, whether pursuant to interrogatory or document request of any party, or pursuant to any order to produce issued in this proceeding, or pursuant to agreement with any other party, or pursuant to any subpoena.

4. The designation of Confidential Information for the purposes of this Protective Order shall be made in the following manner:

    (a) In the case of documents, interrogatory answers or other materials (apart from depositions or other pretrial testimony): by affixing the legend "CONFIDENTIAL" to each page containing any Confidential Information. If not practical to mark each page of a document, as in the case of a bound publication or documents provided in digital form, the cover of such bound document or the applicable storage media shall be so marked. If not practical to so mark the material itself, a container for or a tag attached to the material shall be so marked. For computer and other digital media containing Confidential Information, the Parties agree to stamp "CONFIDENTIAL" on each page of any readable report or output from such media and maintain the confidentiality of such reports or output consistent with the terms of this Protective Order.

    (b) In the case of depositions or other pretrial testimony: (i) by a statement on the record by counsel at the time of such disclosure; or (ii) by written notice, sent by counsel to all Parties within ten (10) business days after receipt of the transcript of the deposition to all counsel of record for the Parties to the action. All transcripts shall be considered Confidential Information and subject to this Protective Order until expiration of such ten (10) day period.

Should any party not agree that any document or information so designated is "Confidential Information" pursuant to the terms of this Stipulated Protective Order, the Parties shall confer and attempt to resolve the matter. Should the matter not be resolved, either party may request the Court's determination of such matter. Failure to mark a document or series of documents as "Confidential" pursuant to the express terms of Paragraph 4 shall not constitute a waiver of the protection described in this Order. Further, any Party realizing it has failed to mark any document or series of documents as "Confidential" as described in Paragraph 4 shall immediately notify all other Parties that it is designating the document or series of documents as "Confidential" and shall produce a copy of the document or series of documents marked "Confidential" and that document or series of documents will be deemed to be compliant with this Paragraph 4.

5. Any document designated as "Confidential" pursuant to this Protective Order may only be used by the Parties in connection with the instant lawsuit and for no other purpose.

6. Such Confidential Information shall not be given, shown, made available, or communicated in any way to any person or entity other than:

    (a) this Court and its clerks and other court personnel, court reporters, stenographers, videographers, jurors, and alternate jurors, if any;

    (b) the Parties;

    (c) the attorneys of record and associated attorneys for the Parties and regular and temporary employees, contractors and agents of these attorneys to whom it is necessary that information be shown for purposes of this litigation;

    (d) expert witnesses and consultants retained by counsel for the Parties for the purposes related to this litigation;

    (e) other witnesses, in connection with this case, in preparation for their testimony or for use during the taking of

        depositions or testimony at trial;

(f) outside photocopying, graphic production services or litigation support services employed by the Parties or their counsel to assist in this litigation, and computer service personnel performing duties in relation to a computerized litigation system; and

(g) other persons to whom the Court specifically allows disclosure, after application by the party seeking such disclosure and an opportunity to respond by the producing party or parties.

    Without limiting the foregoing, Confidential Information shall not be communicated to any competitor or entity in competition with any party named in or producing the Confidential Information, nor shall it be used for any purpose other than this litigation, nor shall it be used in any way which interferes with or detrimentally affects any contractual or other business relationships of any such party.

    7.    Before disclosure of any Confidential Information is made to any person within Paragraphs 6(c) through 6(g) above, such person shall first be advised about this Protective Order; shall be instructed to maintain all such information strictly confidential; and shall be advised that the failure to do so will be a violation of this Protective Order. Upon request, Counsel for the respective Parties shall provide a list of the names of all consultants and other persons to whom Confidential Information or the contents thereof have been disclosed. The Party providing any Confidential Information to any person within Paragraphs 6(c) through 6(g) is responsible for informing the recipient that the Confidential Information must be maintained as confidential and, at the end of this litigation, the Confidential Information must be destroyed and/or returned to the Party providing same.

    8.    Any Party may object to the designation of any documents, information, or testimony as Confidential Information by giving written notice to the producing party that it

objects to the designation.  If the Parties are unable to reach agreement after such written notice and the non-producing party wishes to continue to assert its claim, the non-producing party is obligated to file a motion within fifteen (15) days after the date of the written notice requesting the Court to confirm or deny the confidential status of the material.  Until the Court rules on the motion, the documents shall be treated as Confidential Information, as originally designated.

9. In the event that a party wishes to use any designated Confidential Information in any paper filed in this litigation, the filing party may first ask the producing party if the producing party stills seeks to maintain the "confidential" designation for the information or documents by giving written notice to the producing party asking if such party seeks to maintain the confidential designation.  If the producing party indicates it does not wish to maintain the "confidential" designation, the filing party may file the document in open court in the ordinary course.  If the producing party indicates it wishes to maintain the "confidential" designation, the producing party is obligated to file a motion requesting permission of the Court that such documents be filed under seal.  The motion to seal may be filed without a supporting memorandum only if the filing party can cite a statute, rule, standing order or court order that requires the filing to be sealed. Absent such authority, the filing party must submit a supporting memorandum that specifies: (i) the exact document or item, or portions thereof, for which the filing under seal is requested; (ii) how such request to seal overcomes the common law or the First Amendment presumption to access; (iii) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interest in access; (iv) the reasons why alternatives to sealing are inadequate; and (v) whether there is consent to the motion.  If permission is granted the paper containing Confidential Information shall be filed in a sealed envelope and marked on the outside of the sealed envelope shall be the title of this action,

an identification of the document or thing within, and a statement substantially in the following form:

> "CONTAINS CONFIDENTIAL INFORMATION FILED UNDER SEAL PURSUANT TO THE PROTECTIVE ORDER OF THIS COURT. TO BE OPENED ONLY BY OR AS DIRECTED BY THE COURT OR BY STIPULATION OF THE PARTIES SUBJECT TO THE APPROVAL OF THE COURT."

10. Inadvertent disclosure of Confidential Information to an opposing party without identifying the same shall not be deemed a waiver of confidentiality with regard to the material inadvertently disclosed, nor shall it be deemed a waiver of confidentiality with regard to similar material. Any such material inadvertently disclosed without the applicable designation shall be identified by the producing party according to terms of Paragraph 4.

11. If a producing Party inadvertently produces information which the producing party believes is protected from disclosure under the attorney-client privilege, the work product doctrine, or any other privilege, doctrine, immunity, or other protection, such production shall in no way prejudice or constitute a waiver of, or estoppel as to, any claim of privilege, work product, or other ground for withholding production of such information to which the producing party would otherwise be entitled. The Party making the inadvertent production will immediately notify all other Parties upon discovering the inadvertent production.

To the extent a Party reasonably believes it has received any documents and/or information that may be subject to the attorney-client privilege, work product doctrine, or any other privilege, doctrine, immunity, or other protection, that Party will cease any review of that document and/or information and will immediately notify all other Parties.

Upon request, any inadvertently produced documents and/or information shall be returned promptly to the producing party, and the receiving Party will destroy all copies of the

- 6 -
Case 5:22-cv-00021-M   Document 20   Filed 07/11/22   Page 6 of 12

documents and/or information in its possession, custody, or control. Within fourteen (14) days of the return of such information, the producing party must list the inadvertently produced documents and/or information on a written log pursuant to Federal Rule of Civil Procedure 26(b)(5), and any other Party has the right to dispute and challenge the claim with the Court that the inadvertently produced documents and/or information are protected from production under the attorney-client privilege, work product doctrine, and/or any other claimed privilege, doctrine, immunity, or other protection.

12. Nothing in the provisions of this Stipulated Protective Order shall limit any party in the introduction of Confidential Information into evidence in any judicial proceeding in this action, provided that, if requested by any party, such evidence shall, if admitted, be maintained under seal by the Court unless the Court directs otherwise.

13. If requested in a Motion in Limine by the party producing Confidential Information and approved by the Court, the non-producing party shall refrain from referring in open court to any Confidential Information contained in such documents, and any referral to and/or testimony regarding such Confidential Information shall be heard only after any spectators and/or nonparty witnesses are removed from the courtroom.

14. Any documents designated "Confidential Information" pursuant to this Protective Order may be used as exhibits in the trial of this case, subject to all standard objections.

15. Documents previously produced may be retroactively designated "Confidential" by notice in writing of each document within thirty (30) days of the entry of this Protective Order. Documents unintentionally produced without the designation "Confidential" may be retroactively designated in the same manner and shall be treated appropriately from the date written notice of the designation is provided to the receiving party pursuant to the terms of

Paragraph 4.

16. Any document, material or other information designated as entitled to protection under this Order which is submitted to the Court in support of a pleading, or introduced at a hearing, trial or other proceeding, in this action may continue as protected material only by Order of the Court in accordance with these procedures. If information entitled to protection under this Order is submitted to the Court in support of a pleading, such information shall maintain its privileged status for ten (10) days. During this ten-day period the party who designated the information as protected may move the Court to continue the protected status of the information by submitting to the Court a motion for continued protection. The opposing party shall not be permitted to file a response to the motion. The copy of the motion must be delivered to chambers and accompanied by an unredacted copy of the designated material(s). As an aid to the Court, the unredacted copy must be tabbed, marking each section for which continued protection is being requested, so the Court can easily review and determine if continued protection will be granted. A party who seeks to introduce protected information at a hearing, trial or other proceeding shall advise the Court at the time of introduction that the information sought to be introduced is protected. If the party who designated the information as protected requests the protection be continued, the Court will review the information, in camera, to determine if the information is entitled to continued protection.

17. The Parties are directed to destroy and/or return all Confidential Information at the conclusion of this litigation, including any appeals, and the Parties are directed to work together to ensure compliance with this Protective Order, including but not limited to the destruction and/or return of all Confidential Information. At the conclusion of this litigation, including any appeals, any Party that has received Confidential Information will confirm to the

producing Party that the Confidential Information has been returned to the producing Party and all copies of the Confidential Information have been destroyed.

18. The Parties anticipate that discovery in this case may involve Protected Health Information ("PHI"), as that term is defined under the terms of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). With regard to PHI, the Court finds and orders as follows:

### A. Definitions

i. "HIPAA" means the Health Insurance Portability and Accountability Act of 1996, codified primarily at 18, 26 & 42 U.S.C.

ii. "PHI" means protected health information, as that term is used in HIPAA and the Privacy Standards and defined in 45 C.F.R. §§ 160 & 164. Without limiting the definition and merely for purposes of providing relevant examples, PHI includes, but is not limited to, health information, including demographic information, relating to either: the past, present, or future physical or mental condition of an individual; the provision of care to an individual; and the payment for care provided to an individual that identifies the individual or which reasonably could be expected to identify the individual.

iii. "Privacy Standards" means the Standards for Privacy of Individually Identifiable Health Information. *See* 45 C.F.R. §§ 160 & 164.

iv. "Covered Entities" means those entities defined by 45 C.F.R. § 160.103 (2003).

v. "Parties" means all parties to this litigation, their attorneys, and all non-parties that a court may subsequently recognize as covered under the terms of this

Protective Order.

**B.    Terms and Limitations**

i.    The Parties are familiar with HIPAA and the Privacy Standards.

ii.    The Parties recognize that it may be necessary during the course of this litigation to produce, receive, subpoena, and transmit PHI of current and future parties, third-parties, and non-parties to other parties, third-parties, and non-parties, and their attorneys and representatives.

iii.    Notwithstanding federal or state law limiting the Parties' and Covered Entities' authority to disclose PHI, the Parties and Covered Entities are permitted to release PHI in their possession in response to a subpoena, discovery request, or other lawful process, provided the PHI is relevant to the issues presented in this litigation and reasonable measures are taken to protect the confidentiality of the PHI, including complying with the terms of this Protective Order.

iv.    The Parties agree not to use or disclose the PHI released for this lawsuit for any other purpose or in any other proceeding.

v.    The Parties are permitted to use the PHI in any manner that is reasonably connected with this lawsuit. This includes, but is not limited to, disclosures to the parties, their attorneys of record, the attorney's firms (i.e., attorneys, support staff, agents, consultants), the parties' insurers, experts, consultants, court personnel, court reporters, copy services, trial consultants, jurors, venire members, and other entities involved in the litigation process.

vi.    The Parties are directed to mark any documents containing any PHI as "Confidential Information" pursuant to the terms of this Protective Order and to maintain

the confidentiality of any PHI disclosed during the course of this litigation pursuant to the terms of this Protective Order.

vii. The Parties agree that within 90 days of the issuance of a final order, or the extinguishment of all appeals, all Parties that obtained PHI during the course of this lawsuit shall return it to the covered entity from which it obtained the PHI and destroy any and all copies of the PHI and will confirm the same to the producing entity.

Consented To and Stipulated By:

| | |
|---|---|
| *s/ Michael C. Harman* | */s/ Jerry H. Walters, Jr.* |
| Michael C. Harman | Jerry H. Walters, Jr., Bar No. 23319 |
| michael@harmanlawnc.com | jwalters@littler.com |
| | Eric M. Schultz, *admitted through special appearance* |
| HARMAN LAW, PLLC | eschultz@littler.com |
| 16507 Northcross Drive | |
| Suite B | LITTLER MENDELSON, P.C. |
| Huntersville, NC 28078 | 620 South Tryon Street |
| Telephone: 704.885.5550 | Suite 950 |
| | Charlotte, NC 28202 |
| *Attorneys for Plaintiff Calandra L. Bobbett* | Telephone: 704.972.7000 |
| | Facsimile: 704.333.4005 |
| | |
| | *Attorneys for Defendant PruittHealth-Durham, LLC* |

**SO ORDERED** on this 11th day of July, 2022.

_____
BRIAN S. MEYERS
UNITED STATES MAGISTRATE